# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––––

No. 24-1347
Filed February 11, 2026

––––––––––––––––––

**In the Matter of the Guardianship and Conservatorship of Louise F. Kachel**

**Maria L. Kachel,**
Appellant.

––––––––––––––––––

Appeal from the Iowa District Court for Polk County,
The Honorable Katie Ranes, Judge.

––––––––––––––––––

**AFFIRMED**

––––––––––––––––––

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP,
Des Moines, attorney for appellant.

Katelyn J. Kurt of Whitfield & Eddy, P.L.C., Des Moines,
attorney for appellee.

––––––––––––––––––

Considered without oral argument
by Ahlers, P.J., Sandy, J., and Vogel, S.J.
Opinion by Vogel, S.J.

1

**VOGEL, Senior Judge.**

A daughter appeals a district court order compelling her to cover all fees and costs associated with a petition to establish a guardianship and conservatorship for her mother, which she filed and then voluntarily dismissed two weeks later. Because good cause supports the court's fee order, we find no abuse of discretion and affirm.

## I.     Factual Background and Proceedings.

On July 15, 2024, Maria Kachel petitioned to establish an emergency temporary guardianship and conservatorship for her mother, Louise. Maria was concerned about Louise's cognitive decline and requested the court appoint her as Louise's guardian and conservator. The district court declined to temporarily appoint a guardian and conservator, finding no emergency circumstances were present. Instead, it appointed an attorney to represent Louise and set the matter for hearing. *See generally* Iowa Code § 633.561 (2024).

Louise's attorney then tried to obtain Louise's contact information, but Maria rebuffed those efforts. As a result, Louise was never contacted by counsel and it is unclear whether she ever knew of this action. On July 31, Maria voluntarily dismissed the petition. Two days later, Maria's attorney moved to recoup roughly $5,500 in attorney fees and expenses—later reduced to $4,015 by the court—and asked Louise to pay them. Louise's attorney, in turn, sought $400 in fees.[1]

---

[1] The court visitor also requested $300 in fees. After the hearing, the district court reduced Louise's attorney fees to $300.

The court held a hearing on the fee issue. During the hearing, Maria asserted that she withdrew the petition after speaking with Louise and deciding her mental state had improved. Maria further asserted that she had informed Louise of this action, though emails confirmed that Maria never provided Louise's attorney with any contact information and thus counsel was never able to speak with or interview Louise.

After the hearing, the court ordered Maria to cover all fees and costs, totaling $4,615. The court reasoned that Maria "was not cooperative in providing contact information" to Louise's attorney. Her refusal to disclose Louise's information and subsequent voluntary dismissal provided "good cause to assess fees to" Maria. As well, the court found "that, under the circumstances, it would be unconscionable to assess fees to" Louise.

Maria now appeals.

## II.    Analysis.

### A.    District Court Fees.

In guardianship and conservatorship actions, the respondent is generally responsible for costs and fees, including attorney and court-visitor fees. Iowa Code § 633.551(5). There is an exception, however, when a petition is voluntarily or involuntarily dismissed. *Id.* In that case, the court has discretion to assess costs "against the petitioner for good cause shown." *Id.* We affirm these fee awards unless the court abuses its discretion. *In re Guardianship of G.G.*, 799 N.W.2d 549, 554–55 (Iowa 2011).

We have little trouble finding good cause here. Chiefly, we share the district court's concern with Maria's refusal to allow Louise to speak with her attorney. Maria insists the attorney-contact issue was mooted upon

dismissal and thus should not have played a role in the court's good-cause analysis. However, while Maria represented that she told her mother about this action, we see a material difference between speaking with counsel—who can inform Louise of her rights and have confidential conversations about options—and merely hearing of the action from the lay petitioner. Like the district court, we cannot discern from this record that Louise was fully informed of the existence, nature, or stakes of this proceeding. As a result, we agree it would be exceedingly unfair to require Louise to cover the costs—to the tune of over $4,000—of an action that was quickly abandoned and quite possibly a mystery to her. Thus, we find no abuse of discretion in assessing costs and fees to Maria.

### B.    Appellate Fees.

Louise's counsel further asks that Maria pay her appellate attorney fees, which we have discretion to award. *Id.* at 554. When considering these requests, we look to "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *Id.* Weighing the relevant factors, including the merits of this appeal, Louise's counsel's obligation to defend the district court's order, and the reasonableness of the itemized fees, we award Louise's counsel $3,100 in appellate attorney fees, to be paid by Maria.

**AFFIRMED.**

4